UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDWARD EUGENE YOUNG :
:
Plaintiff, :
v. : C.A. No. CA07-34S.
:
A.T. WALL, individually and :
in his capacity as the Director of the :
Rhode Island Department of Corrections :
:
Defendants. :

**COMPLAINT**

INTRODUCTION

1. This lawsuit is brought by inmate Plaintiff Edward Eugene Young ("Plaintiff") of the Rhode Island Adult Correctional Institution ("ACI") to challenge certain actions, including the implementation of policies and procedures, taken by A.T. Wall ("Wall" or "Defendant") which violated Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as Article 1, Sections 2 and 16 of Rhode Island Constitution. This lawsuit includes the same claims as those set forth in that certain Third Amended Complaint filed in C.A. No. 03-CV-220S and alleges that Plaintiff has exhausted all of his administrative remedies before filing this Complaint.

JURISDICTION AND VENUE

2. This is an action for equitable and declaratory relief and for damages. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331, 1334 and 2201, et seq. as Plaintiff's claim involves questions of federal law – specifically whether the Defendant's action of denying Plaintiff the interest accrued on his earnings constitutes a taking under the

Fifth Amendment to the United States Constitution and whether Defendant violated Plaintiff's rights under the Fourteenth Amendment by denying him procedural due process prior to Defendant's withdrawing of interest on Plaintiff's earnings – and seeks other relief including damages, declaratory judgment, and injunctive relief. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C § 1391 (b), in that matters complained of occurred within the District of Rhode Island and Plaintiff is an inmate held in custody within the District of Rhode Island.

## PARTIES

4. Plaintiff is a penal inmate at ACI.

5. Defendant A.T. Wall is the Director of the Rhode Island Department of Corrections ("RIDOC") and as such, acts under color of state law with respect to the matters complained therein. Defendant Wall has at all times material hereto been responsible for the overall administration of the DOC, including the promulgation and application of the policies and practices which are challenged in the suit. He is sued in his individual and official capacities.

## STATEMENT OF THE CLAIM

6. Plaintiff has earned money working in the prison as a laundry worker at various times during his incarceration.

7. Rhode Island General Laws § 42-56-22 requires that twenty-five (25%) percent of an inmate's earnings up to a maximum of $500 be deposited into an account which is set aside for the inmate's use upon release. An inmate cannot spend the encumbered balance prior to his release.

8. The accounts maintained by the RIDOC are referred to collectively as the Inmate Accounts Fund. The money in excess of $500 is maintained in another account sometimes referred to as an "open account". At times, Plaintiff has had sufficient balance in his inmate accounts to have money available for his own discretionary spending.

9. Under RIDOC Policy No. 2.17-1, interest earned on monies in the Inmate Accounts Fund would accrue to the depositing inmates in an equitable fashion.

10. On April 24, 2000, Defendant Wall repealed Policy No. 2.17-1 and implemented in its place RIDOC Policy No. 2.17-2, which stated among other things, that the return on investments earned on monies in the Inmate Accounts Fund would accrue to the inmates in an equitable fashion. Pursuant to these policies, the RIDOC posted earnings (i.e., interest) to the inmates' individual accounts.

11. The RIDOC stopped posting interesting to the Inmate Accounts Fund on June 1, 2002. This change in practice occurred in advance of a promulgation of the revised policy. Defendant Wall approved the change.

12. On June 9, 2003, Defendant Wall promulgated RIDOC Policy No. 2.17-3 which provided that interest earned in the Inmate Accounts Funds would accrue to the State of Rhode Island instead of in an equitable fashion. As a consequence, Plaintiff would no longer be credited with earnings resulting from interest on Inmate Accounts Funds held by the RIDOC in the inmate account savings account.

13. During his incarceration at the ACI, and subsequent to the suspension and permanent termination of the attribution of earnings on inmate accounts to inmates, Plaintiff had monies, including encumbered funds, in the inmate accounts.

14. Plaintiff has suffered a financial loss because of Defendant Wall's actions described above.

15. Defendant Wall did not adequately notify Plaintiff of his change in policy or provide Plaintiff an opportunity to be heard in advance of this change.

16. Plaintiff has no adequate remedy at law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On or about March 2, 2006, Plaintiff filed several related Level 1 grievances, pursuant to the RIDOC's grievance policy, pertaining to the subject of this action. (Copies of these grievances are attached as Exhibit A to this Complaint.)

18. On or about April 19, 2006, Plaintiff, upon information and belief, received a response from an RIDOC official denying his March 2nd grievances. (A copy of RIDOC's responses are attached as Exhibit B to this Complaint.)

19. On or about May 24, 2006, Plaintiff filed several related Level 2 grievances, pursuant to the RIDOC's grievance policy, pertaining to the subject of this action. (Copies of these grievances are attached as Exhibit C to this Complaint.)

20. On or about June 29, 2006, Plaintiff, upon information and belief, received a response from an RIDOC official denying his May 24th grievances. (Copies of RIDOC's denial is attached as Exhibit D to this Complaint.)

21. RIDOC has denied Plaintiff's grievances and Plaintiff has exhausted all administrative remedies available to him.

**COUNT I**
**VIOLATION OF PROCEDURAL DUE PROCESS**

22. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 21 of his Complaint.

23. By taking interest on earnings on Plaintiff's funds held on his behalf by the RIDOC and/or the General Treasurer of the State of Rhode Island without first affording Plaintiff procedural due process, Defendant Wall violated Plaintiff's rights guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

24. Defendant Wall's actions were done with reckless or callous indifference to Plaintiff's constitutional rights and caused Plaintiff's constitutional deprivation.

25. Plaintiff has and will continue to suffer damages from Defendant's actions.

**COUNT II**
**UNCONSTITUTIONAL TAKING OF PLAINTIFF'S ACCRUED INTEREST**

26. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 21.

27. By taking and/or using Plaintiff's accrued interest from the Inmate Accounts Fund without just compensation, Defendants' actions constitute an unconstitutional taking in violation of Plaintiff's rights afforded under the Fifth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

28. Defendant Wall's actions were done with reckless and callous indifference to Plaintiff's constitutional rights and caused Plaintiff's constitutional deprivation.

29. Plaintiff has and will continue to suffer damages from Defendant's actions.

**COUNT III**
**VIOLATION OF ARTICLE 1, § 16 OF THE RHODE ISLAND CONSTITUTION**

30. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 21.

31. By taking and/or using Plaintiff's accrued interest from the Inmate Accounts Fund without just compensation, Defendant's actions constitute an unconstitutional taking in violation of Plaintiff's rights afforded under Article 1, Section 16 of the Rhode Island Constitution.

32. Plaintiff has and will continue to suffer damages from Defendant's actions.

**COUNT IV**
**VIOLATION OF ARTICLE 1, § 2 OF THE RHODE ISLAND CONSTITUTION**

33. Plaintiff repeats and incorporated by reference the allegations in paragraph 1 through 21.

34. By taking interest on earnings on Plaintiff's funds held on his behalf by the RIDOC and/or the General Treasurer of the State of Rhode Island without first affording Plaintiff procedural due process, Defendant Wall violated Plaintiff's rights guaranteed under the Article 1, Section 2 of the Rhode Island Constitution.

35. Plaintiff has and will continue to suffer damages from Defendant's actions.

**WHEREFORE**, Plaintiff, Edward Eugene Young, Sr., prays for the following relief:

a. A declaration stating that Defendant deprived Plaintiff of rights conferred upon him by the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and rights conferred upon him by Sections 2 and 16 of Article 1 of the Rhode Island Constitution.

b. Temporary, preliminary and injunctive relief prohibiting Defendant from violating Plaintiff's federal and state constitutional relief.

c. Compensatory damages, included but not limited to unpaid interest;

d. Punitive damages; and

e. Attorney's fees and costs.

EDWARD EUGENE YOUNG

By his Attorneys,

Andrew B. Prescott (#3758)
Matthew J. Frankel (#7293)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 fax

Dated: January 26, 2007