**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EDWARD EUGENE YOUNG**
**Plaintiff**
**v.** **C.A. No. 07-34S**

**A.T.WALL, Individually and in his capacity as the Director of the Rhode Island Department of Corrections**
**Defendants**

**MOTION TO DISMISS**

Now comes Defendant, A.T. Wall, individually and in his capacity as Director, State of Rhode Island, Department of Corrections ("Wall," "DOC" or "Defendant") and, pursuant to Fed. R. Civ. P. Rule 12(b)(6), hereby moves to dismiss the Complaint filed in this civil action by Plaintiff, Edward Eugene Young ("Young" or "Plaintiff"), for failure to state a claim upon which relief can be granted. In support hereof, Defendant Wall submits the accompanying Memorandum of Law.

WHEREFORE, Wall respectfully requests that this Motion to Dismiss be granted.

Respectfully Submitted,
DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections
By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this **Motion to Dismiss** by first class mail, postage pre-paid, on this 13th day of April, 2007 to the following:

*/s/ Thomas A. Palombo*

**Andrew B. Prescott, Esquire**
**Matthew J. Frankel, esquire**
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
aprescott@nixonpeabody.com
mfrankel@nixonpeabody.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**EDWARD EUGENE YOUNG**
**Plaintiff**

**v.** **C.A. No. 07-34S**

**A.T.WALL, Individually and in his capacity as the Director of the Rhode Island Department of Corrections**
**Defendants**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

This Memorandum of Law supports the Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) filed by Defendant, A.T. Wall, individually and in his capacity as Director, State of Rhode Island, Department of Corrections ("Wall," "DOC" or "Defendant"). Defendant Wall moves to dismiss the Complaint ("Cpt.") brought by Plaintiff, Edward Eugene Young ("Young" or "Plaintiff"), for failure to state a claim upon which relief can be granted. For the reasons set forth herein, Defendant Wall respectfully requests that this Motion to Dismiss be granted.

## PLAINTIFF'S COMPLAINT

Plaintiff Young's Complaint challenges the DOC's policies and procedures regarding the payment of interest on Young's wages for his prison work; alleges that the DOC has ceased paying him interest; and avers a constitutional right to receive interest on wages. Cpt., *passim*. Young's Complaint sets forth four (4) Counts:

- Count I - Violation of Procedural Due Process
- Count II - Unconstitutional Taking Of Plaintiff's Accrued Interest
- Count III - Violation of Article 1, § 16 of the Rhode Island Constitution
- Count IV - Violation of Article 1, § 2 of the Rhode Island Constitution

Thus, Counts I and III allege violation of Young's right to "procedural due process" under, respectively, the Federal and State Constitutions, and Counts II and IV likewise aver an unconstitutional "taking" of interest earned on Young's wages. *See* Cpt., Counts I-IV.

Plaintiff Young alleges "RIDOC stopped posting interesting [sic] to the Inmate Accounts Fund on June 1, 2002." Cpt., ¶ 11. He avers that this "occurred in advance of a promulgation of the revised policy." *Id.* Young further alleges that "[o]n June 9, 2003, Defendant Wall promulgated RIDOC Policy No. 2.17-3 which provided that interest earned in the Inmate Accounts Funds would accrue to the State of Rhode Island… ." Cpt., ¶ 12.

## STANDARD OF REVIEW

Fed. R. Civ. P. Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." The Court must accept the well-pleaded allegations in Plaintiff Young's Complaint as true, and view these facts in the light most favorable to Plaintiff. Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir.1987). A Rule 12(b)(6) Motion can only be granted where it "appears beyond doubt that the plaintiff can prove no set of facts ... which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For the purposes of this Motion, Defendant Wall does not contest Plaintiff Young's allegations, and respectfully submits that the Complaint should be summarily dismissed.

## ARGUMENT

### 1. This Civil Action Was Filed Beyond The Applicable Statute Of Limitations And Is Time-Barred.

Alleging constitutional violations, Plaintiff brings this action under 42 U.S.C. § 1983. Accordingly, the applicable statute of limitations is three (3) years. Wilson v. Garcia, 471 U.S. 261, 280 (1995); Walden III, Inc. v. Rhode Island, 442 F. Supp. 1168 (D.R.I. 1977), *affirmed*, 576 F.2d 945 (1st Cir. 1978); Marrapese v Rhode Island, 500 F.Supp. 1207 (D.R.I. 1980).

This civil action was filed in January 2007. For statute of limitations purposes, the Court should look back three years, to January 2004. At that time, however, DOC Policy No. 2.17-3 was already in place, having been promulgated in June 2003. Cpt., ¶ 11.[1] Moreover, the Court should even look back further, to June 2002, when DOC stopped posting interest to inmates. Cpt., ¶ 12. Plaintiff cannot have a procedural due process claim where the challenged policy has been in place for longer than the applicable statute of limitations.[2] Accordingly, this civil action is time-barred and Plaintiff Young does not have a viable cause of action for procedural due process. Therefore, Defendant Wall's Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6).

**2. Res Judicata And/Or Collateral Estoppel Bar Plaintiff Young's Federal and State Takings Claims.**

In Young v. Wall, 359 F.Supp.2d 84 (D.R.I. 2005) ("Young I"), this Court expressly ruled on the takings claims:

> After reviewing the applicable case law and noting a split among the circuits, this Court finds that a prisoner does not maintain a constitutionally-protected property right in the interest accrued from wages for paid labor. Therefore, the appropriation of Young's interest earned on wages from paid labor cannot be a taking in violation of the Fifth Amendment of the United States Constitution. …Accordingly, the Defendant's Motion to Dismiss is hereby GRANTED with respect to all of the Plaintiff's claims, except the claim alleging that the Defendant improperly appropriated interest earned on the Plaintiff's prison accounts in violation of the Due Process Clause, as to which the Defendant's Motion to Dismiss is DENIED.

359 F.Supp.2d at 86-87 and 94.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties from re-litigating claims that were raised or could have been raised in that action."

---

[1] In fact, Young challenged this Policy in June 2003, when he filed Young v. Wall, 03-cv-220S.

[2] Arguably, Young could assert a different constitutional claim, such as takings, but not one for procedural due process.

Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir.1996). Before ***res judicata*** will apply, three factors must be present: "(1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in both earlier and later suits; and (3) an identity of the parties or privies in the two suits." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 127 (1st Cir.2005) (citing Kale v. Combined Ins. Co. Of America, 924 F.2d 1161, 1156 (1st Cir.1991). A final judgment for ***res judicata*** purposes "end[s] the litigation on the merits and [leaves] nothing for the court to do but execute the judgement." AVX Corp. v. Cabot Corp., 424 F.3d 28, 32 (1st Cir. 2005).

Collateral estoppel or claim preclusion bars a party from maintaining an action when an issue of fact or law was actually litigated and determined by a valid judgment and this determination is conclusive in a subsequent action between the parties and their privies, whether on the same or different claims. Monarch Life Ins. v. Ropes & Gray, 65 F.3d 973, 978 (1st Cir. 1995); Richards v. Public Serv. Co., 848 F.Supp. 318, 325 (D.R.I. 1994). Specifically, collateral estoppel bars the relitigation of the same issues of law or fact where: "(1) the instant matter and the prior proceedings involve the ***same issue*** of law or fact; (2) the parties ***actually litigated*** the issue in the prior proceeding; (3) the previous court ***actually resolved*** the issue in a final and binding judgment; and (4) the prior court's resolution of that issue was ***essential*** to its holding." Monarch Life Ins., 65 F.3d at 978 (emphasis in original); ***see also*** Global NAPS Inc. v. Massachusetts Department of Telecommunication and Energy, 427 F.3d 34, 44 (1st Cir. 2005); Richards, 848 F.Supp. at 325.

In Young I, this Court ruled on Plaintiff Young's identical takings claims. 359 F.Supp.2d at 86-87 and 94. Indeed, Young's very Complaint asserts that "[t]his lawsuit includes the same claims as those set forth in that certain Third Amended Complaint filed in C.A. No. 03-CV-220S… ." Cpt., ¶ 1. Respectfully then, ***res judicata*** and/or collateral

estoppel bar relitigation of the Young's takings claims. Therefore, Counts II and III of Plaintiff Young's Complaint should be dismissed.

**3. Plaintiff Young's Takings Claims Fail To State A Claim Upon Which Relief Can Be Granted.**

The Fifth Amendment to the U.S. Constitution, in pertinent part, reads: "nor shall private property be taken for public use, without just compensation." Article 1, Section 16 of the R.I. Constitution contains an almost identical provision. Young alleges violation of these provisions "by taking and/or using Plaintiff's accrued interest from the Inmate Accounts Fund without just compensation." Cpt., ¶¶ 19 and 22.

In Lingle v. Chevron U.S.A, Inc., 544 U.S. 528, 125 S.Ct. 2074 (2005), the Supreme Court recently delivered an Opinion in a regulatory Takings Clause case concerning market concentration and retail gasoline pricing. Writing for the Court, Justice O'Connor recognized a "common touchstone" in takings jurisprudence: "each of these tests [U.S. Supreme Court cases of Penn Central, Lucas and Loretto] focuses directly upon the severity of the burden that government imposes upon private property rights." 544 U.S. at 539,125 S.Ct. at 2082. Of course, "the Constitution protects rather than creates property interests." Phillips v. Washington Legal Foundation, 524 U.S. 156, 164, 118 S.Ct. 1925, 1930 (1998).

In Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972), the high Court pronounced: "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

With this as background, it only makes sense to turn to relevant case law concerning inmate accounts. In Washlefske v. Winston, 234 F.3d 179 (4th Cir. 2000), *cert. denied*, 532 U.S.

983 (2001), the Fourth Circuit reviewed, and affirmed, dismissal of an inmate's takings claim that he was deprived of private property when Virginia used the interest earned on his prison accounts.[3] Relying on Supreme Court precedent,[4] the appellate court reasoned:

> In short, we look outside the Takings Clause to traditional rules of property law to determine whether a constitutionally protected property interest exists, and only when a State, through legislation, rule, decision, or other action deprives an owner of such an interest, must it provide just compensation. But, if a statute creates a property right not previously recognized or one broader than that traditionally understood to exist, the property interest so created is defined by the statute and may be withdrawn so long as the State affords due process in doing so. 234 F.3d at 184. (Citations omitted.)

Washlefske then ruled that Virginia's statutes "create limited rights to funds given to prisoners for work performed while serving their prison terms. … they create a limited property right defined by the terms of the statute… they create limited property rights for penological purposes." ***Id***. at 185. Accordingly, the appellate court held:

> Because Washlefske never had a private property interest in these accounts as defined by common law, but only an interest defined by statute--a statute that gives him limited rights to those funds--he cannot claim that a property interest based on traditional principles of property law was taken. His property interest was that given by statute, and the State never took from him what was created by statute. Therefore, there was not a taking of private property as addressed in the Fifth Amendment. ***Id.*** at 185-86.

In Givens v. Alabama Dept. of Corrections, 381 F.3d 1064 (11th Cir. 2004), ***cert denied***, 125 S.Ct. 2543 (2005), the Eleventh Circuit, after a concise discussion of relevant precedent, denied a former inmate's takings claim seeking interest on his inmate accounts. The appellate court so ruled, because "Alabama inmates do not have a common law property right to the interest that accrues on their accounts" and "Alabama has not created such an interest via statute,

---

[3] In passing, Wall would note how much more generous Rhode Island is than Virginia. There, a mere $25.00 (as compared to $500.00 here) accumulates in the so-called "hold account," to be distributed upon an inmate's release. 234 F.3d at 181.

[4] Roth and Phillips, ***supra***, and Webb's Fabulous Pharmacies v. Beckwith, 449 U.S. 155, 101 S.Ct. 446 (1980), ***see infra***.

regulation, or policy." Id. at 1069-70. Thus, "absent such an interest, there is no 'taking.'" ***Id***. at 1070.

The Washlefske court (and also Givens) "recognized the unfortunate conflict we create with the Ninth Circuit in Schneider v. California Department of Corrections, 151 F.3d 1194 (9th Cir. 1998), in which the court held, without conducting an inquiry under traditional principles of property law,[5] that a convicted felon enjoyed a private property interest in the funds held in his prison account." 234 F.3d at 181. Of note, Schneider followed the common law maxim, applied in Phillips and Webb's, that "interest follows principal." 151 F.3d at 1201. Accordingly, the Ninth Circuit held "that interest income of the sort at issue here is sufficiently fundamental that States may not appropriate it without implicating the Takings Clause. … the California inmates--like the creditors in Webb's and the clients in Phillips--possess a constitutionally cognizable property interest that triggers Takings Clause scrutiny." ***Id***.

*See also* Hatfield v. Scott, 306 F.3d 223, 229 (5th Cir. 2002)(Following Phillips, and ruling "as a matter of law, where earned interest is used to pay for the administration of a fund providing a benefit to prisoners, there is no "taking" violative of the Fifth Amendment.") and Petrick v. Fields, 1996 WL 699706 at 1 (10th Cir. 1996)(Unpublished) ("We hold summary judgment for Defendants is appropriate because Mr. Petrick has no constitutionally protected property interest in interest earned on funds in his statutory draw or mandatory savings accounts."). *Compare* Tellis v. Godinez, 5 F.3d 1314 (9th Cir. 1993), where the appellate court ruled that Nevada statute providing that interest and income earned on a prisoner's account must

---

**5** Schneider engages in a discussion of "so-called 'new property'" (*citing* Roth) and "old property" ("a 'core' notion of constitutionally protected property into which state regulation simply may not intrude without prompting Takings Clause scrutiny."). ***Id***. at 1200. However, as Washlefske ably points out, among other faults, the Schneider Court fails to "determine[ ] who 'owned' the principal and to what extent." 151 F.3d at 186.

be credited to the fund created a protected property interest.[6] *See also* Vance v. Barrett, 345 F.3d 1083 (9th Cir. 2003). R.I. Gen. Laws § 42-56-22, however, contains no such provision for payment of interest.

Applying these teachings to Young's takings claim, there is no Rhode Island "common law" right to inmate interest. Further, the controlling statute, § 42-56-22, creates no "property interest," in interest, limited or otherwise. Moreover, DOC changed its policy to discontinue the payment of interest on inmate accounts. Lastly, Wall submits that the "penological purposes" of § 42-56-22 and DOC policies (including 2.17-3) are rehabilitation, reduction of recidivism, creating work ethic, helping inmates learn a trade or gainful employment, for DOC to run its commissary in an effective, cost-efficient manner, and providing money upon release from prison. Just as there is no property interest, there is simply no penological purpose in paying interest on inmate accounts.

The leading Supreme Court Takings Clause cases can be readily distinguished. *See* Webb's, 449 U.S. 155, 161-62 101 S.Ct. 446, 451 (1980)( County's usurping of interest accruing on private funds deposited into court registry in interpleader action, in addition to court fee, was a taking of property.) and Phillips, 524 U.S. at 165 and 172, 118 S.Ct. at 1930 and 1934 (Applying the common law "rule that 'interest follows principal'" and "hold[ing] that the interest income generated by funds held in IOLTA accounts is the 'private property' of the owner of the principal.") In these cases, the property rights of the plaintiffs, court litigants or legal clients, were clear or readily ascertainable. Here, Plaintiff Young is a prisoner, with no common law rights, and limited constitutional and statutory rights.

---

**6** Circuit Judge Farris' Dissent is particularly noteworthy: "I would welcome a constitutional right to interest, as would others in the marketplace, but there is none." 5 F.3d at 1317.

With all due respect, Wall emphatically asks - *what "private property" of Young's was taken?* Under Rhode Island law, Young has ***no right*** to prison employment. R.I. Gen. Laws § 42-56-22 ("***may*** be permitted to labor in the ***discretion*** of the director"). If so employed, he has no right to be paid. *Id.* ("***may*** be paid for not more than $3.00 dollars a day"). If paid, earnings are "credited and "disbursed…in accordance with the ***rules and regulations*** of the institutions." *Id.* DOC "***shall*** maintain [ ] … earnings … up to a maximum of five hundred dollars ($500) …; those funds to be turned over to the prisoner at the time of his or her release from the institution, the funds being his or her property." *Id.* Wall asserts that these earnings are not Young's "private property" until the time of his release. *Id*. Finally, Young has no right to interest on earnings, Section 42-56-22 contains no such provision, express or implied, and DOC's policy to pay interest was amended.

As this Honorable Court's prior Decision recognizes, neither the interest follows principal rule nor the Takings Clause can be applied in this civil action, where Young simply has no common law or constitutional right to, or property interest in, labor, earnings and the payment of interest. *See* Young I. Accordingly, applying Supreme Court precedent and analogous case law from other jurisdictions, especially Washlefske and Givens, Young has no property interest in receiving interest on his inmate accounts cognizable under the Taking Clause of either the U.S. or R.I. Constitutions. Thus, Defendant Wall did not *take* Young's *private property* for public use. Therefore, the Motion to Dismiss Plaintiff Young's Takings claims should be granted.

## CONCLUSION

For the reasons set forth herein, as fully supported by this Court's prior Decision and Order in Young I and the cases argued above, Defendant, A.T. Wall II, respectfully requests that this Honorable Court grant the Motion to Dismiss Plaintiff Young's Complaint.

Respectfully Submitted,

DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*
______________________________

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this **Memorandum of Law in Support of Motion to Dismiss** by first class mail, postage pre-paid, on this 13th day of April, 2007 to the following:

*/s/ Thomas A. Palombo*
______________________________

**Andrew B. Prescott, Esquire**
**Matthew J. Frankel, Esquire**
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903