**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**EDWARD EUGENE YOUNG**
**Plaintiff**

**v.** **C.A. No. 07-34S**

**A.T.WALL, Individually and in his capacity as the Director of the Rhode Island Department of Corrections**
**Defendants**

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

## INTRODUCTION

This Supplemental Memorandum supports the Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) filed by Defendant, A.T. Wall, individually and in his capacity as Director, State of Rhode Island, Department of Corrections ("Defendant," "Wall" or "DOC"). Defendant Wall has moved to dismiss the Complaint ("Cpt.") brought by Plaintiff, Edward Eugene Young ("Plaintiff" or "Young"), for failure to state a claim upon which relief can be granted.

During the July 6, 2007 Hearing on the Motion to Dismiss, the Court requested supplemental memoranda on the issue of whether the Takings Clause of the R.I. Constitution, Article 1, Section 16, provides any greater protection than the Takings Clause set forth in the Fifth Amendment to the U.S. Constitution. For the reasons set forth herein, Defendant Wall asserts that, based on the Supreme Court of Rhode Island's Takings Clause opinions, Article 1, § 16 affords no protection greater than the U.S. Constitution's Takings Clause. Therefore, Defendant Wall respectfully requests that the Motion to Dismiss be granted as to Count III - Violation of Article 1, § 16 of the Rhode Island Constitution.

# ARGUMENT

The issue presented is whether the R.I. Constitution's Takings Clause provides any greater protection than the U.S. Constitution's Takings Clause. The R.I. Supreme Court has never so held or stated in dicta. A review of the Court's Takings Clause opinions leads to a clear conclusion that the protections are the same.

Last year's two R.I. Supreme Court Takings Clause opinions are both instructive and illustrative. In Conti v. R.I. Economic Development Corp., 909 A.2d 1221, 1231 (R.I. 2006), the Court compares Article 1, § 16 with the "parallel language" of the Fifth Amendment:

> Article 1, section 16, of the Rhode Island Constitution provides that "[p]rivate property shall not be taken for public uses, without just compensation." This Court has referred to this textually embedded constitutional restriction, which presupposes the state's power to take private property in the first instance, as "the safeguard in our State constitution of property rights in condemnation proceedings." Joslin Manufacturing Co. v. Clarke, 41 R.I. 350, 357, 103 A. 935, 937 (1918). **Parallel language in the Fifth Amendment to the United States Constitution** also prohibits state actors, by operation of the Due Process Clause of the Fourteenth Amendment, Kelo v. City of New London, Connecticut, 545 U.S. 469, ----, 125 S.Ct. 2655, 2672, 162 L.Ed.2d 439 (2005) (O'Connor, J., concurring), from taking private property for the "public use" unless accompanied by "just compensation."

The Court goes on to discuss the Federal and State provisions as if they were one: "Because our focus in the present case concerns only the 'just compensation' component of the aforementioned constitutional provisions, we proceed to examine the requirements of **that safeguard** alone" and "[b]ecause 'just compensation, is **the only textual standard** against which the federal and state constitutions require a condemnation award to be measured, [citation omitted] this Court has adopted a series of working rules to determine in practice what **that ephemeral standard** requires." Conti, 909 A.2d at 1231-32 (emphasis added).

Likewise, in R.I. Economic Development Corporation v. The Parking Company, 892 A.2d 87 (R.I. 2006), the R.I. Supreme Court discusses Federal and State Takings Clauses together and, by implication, with analogous protection:

> In fact, **both** the United States Constitution and the Rhode Island Constitution place restrictions on its exercise. These constitutional boundaries are textually imbedded in the **Takings Clause**, which presupposes governmental power to take private property, but imposes two limitations on that authority: (1) private property may be taken only for public uses; and (2) the taking must be accompanied by just compensation. **U.S. Const. Amend. V; R.I. Const. art. 1, sec. 16.** The Rhode Island Supreme Court has referred to the Takings Clause as "the safeguard in our state Constitution of property rights in condemnation proceedings." Joslin Manufacturing Co. v. Clarke, 41 R.I. 350, 357, 103 A. 935, 937 (1918). 892 A.2d at 96 (emphasized).

Of particular note, throughout the Opinion, the Court refers to the "Takings Clause" in the singular, never in the plural. Id. Further, there is no language or indicia that the State Constitution affords any greater protection than the Federal Constitution.

In Alegria v. Keeney, 687 A.2d 1249, 1252 (R.I. 1997), the Court wrote:

> The Rhode Island Constitution also requires just compensation when private property is taken for public purposes. Article I, section 16, of the Rhode Island Constitution, provides:
>
> > "Private property shall not be taken for public uses, without just compensation. The powers of the state and of its municipalities to regulate and control the use of land and waters in the furtherance of the preservation, regeneration, and restoration of the natural environment, and in furtherance of the protection of the rights of the people to enjoy and freely exercise the rights of fishery and the privileges of the shore * * * shall be an exercise of the police powers of the state, shall be liberally construed, and shall not be deemed to be a public use of private property."

> We note that **the second sentence of this section**, although firmly evincing a strong Rhode Island policy favoring the preservation and the welfare of the environment, **cannot be interpreted by this Court to defeat the mandates of the Federal Constitution.**[1]

The Alegria Court fully utilized the U.S. Supreme Court's takings analyses. 687 A.2d at 1251-54. In fact, the Court opened its analysis of the Federal and State Takings Claims by stating: "The starting point for the analysis of a takings claim is the Fifth Amendment to the United States Constitution… ." Id. at 1251. Were the R.I. Supreme Court of the opinion that the State Takings Clause affords greater protection than the Federal, it could, and would, have so stated in Allegria. Given the absence of any affirmative statement by the Court, as well as by negative implication, there is no greater protection.

The Fifth Amendment to the U.S. Constitution, in pertinent part, reads: "nor shall private property be taken for public use, without just compensation." Article 1, Section 16 of the R.I. Constitution contains a nearly identical provision: "private property shall not be taken for public uses, without just compensation." The opinions of the R.I. Supreme Court reveal that State Takings Clause protections parallel - and are the same as - the Federal Takings Clause. Respectfully, there is no R.I. Supreme Court holding or dicta, or even the hint or suggestion, that the State Takings Clause affords protection greater than its Federal counterpart.

[1] In passing, prior to the 1986 Constitutional Convention, Article 1, § 16 consisted of only the first sentence; i.e. - "Private property shall not be taken for public uses, without just compensation." The "pro-environment" 1986 Amendment is widely understood as the citizenry's reaction to the "constructive taking" decision in Annicelli v. Town of South Kingstown, 463 A.2d 133 (R.I. 1983) (Holding that when all beneficial use of property is deprived by government, an unconstitutional taking can occur even absent a physical entry and, in such a case, an action in inverse condemnation lies, because it permits recovery where property is taken without formal exercise of eminent domain.).

## CONCLUSION

For the reasons set forth herein, Defendant, A.T. Wall II, respectfully requests that this Honorable Court grant the Motion to Dismiss Plaintiff Young's Complaint, Count III - Violation of Article 1, § 16 of the Rhode Island Constitution.

Respectfully Submitted,

DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*
________________________________

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this **Supplemental Memorandum of Law in Support of Motion to Dismiss** by first class mail, postage pre-paid, on this 25th day of July, 2007 to the following:

*/s/ Thomas A. Palombo*
____________________________

**Andrew B. Prescott, Esquire**
**Matthew J. Frankel, Esquire**
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903