UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG<br><br>Plaintiff,<br>v.<br><br>A.T. WALL, individually and in his capacity as the Director of the Rhode Island Department of Corrections<br><br>Defendants. | : | C.A. No. 07-34S |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**
**REGARDING MOTION TO DISMISS COUNT III**

This supplemental memorandum is filed pursuant to this Court's Order of July 16, 2007, requesting further briefing on the question of whether Article I, section 16 of the Rhode Island Constitution provided greater protection against governmental taking of private property than its federal counterpart, the takings clause of the Fifth Amendments of the U.S. Constitution. Plaintiff has concluded that the decisions of the Rhode Island Supreme Court as of this time do not support the notion that Rhode Island's takings clause provides any greater degree of protection than its federal counterpart.

However, Plaintiff seeks to clarify the disposition of the takings issues. In the instant action, the Court dismissed Plaintiff's federal takings claim (Count II) on res judicata grounds, i.e., because the Court held that it had dismissed an identical claim in the prior action, C.A. No. 03-220S, in its decision dated March 5, 2005. See Young v. Wall, 359 F.Supp.2d 84 (D.R.I. 2005).

By contrast, this is first time that Plaintiff's claim premised on the Rhode Island Constitution, Art. 1, § 16, has been addressed. Thus, if the Court dismisses his takings claim under the Rhode Island Constitution, that claim should *not* be dismissed on res judicata grounds.

Rather, to the extent the Court holds that its analysis of the federal takings claim is also dispositive with respect to the state takings claim, Plaintiff's state takings claim should be dismissed *on the merits*, i.e., for the same substantive reasons that the Court dismissed the federal takings claim in its March 5, 2005 decision.[1] Of course, Plaintiff continues to rely on the arguments advanced at pages 8-15 of his initial Memorandum in Support of Objection to Defendant's Motion to Dismiss as to why his takings claim under the Rhode Island Constitution should not be dismissed.

Respectfully submitted,
PLAINTIFF EDWARD EUGENE YOUNG

By his Attorneys,

/s/ Andrew B. Prescott

Andrew B. Prescott (#3758)
Matthew J. Frankel (#7293)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 fax
aprescott@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: August 10, 2007

[1] In the March 5, 2005 decision, the Court, relying on Givens v. Alabama Dept. Of Corrections, 381 F.3d 1064 (11th Cir. 2004) and Washlefske v. Winston, 234 F.3d 179 (4th Cir. 2000), dismissed Plaintiff's federal takings claim on the grounds that "a prisoner does not maintain a constitutionally-protected property right in the interest accrued from wages for paid labor" and that "[t]herefore, the appropriation of Young's interest earned on wages from paid labor cannot be a taking in violation of the Fifth Amendment of the United States Constitution." Young v. Wall, 359 F. Supp. 2d at 86-87.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I sent a copy of the within document via first class mail, postage prepaid, to the following persons, this 10th day of August, 2007:

Thomas A. Palombo, Esq.
Assistant Attorney General
150 South Main Street
Providence, RI 02903

/s/ Andrew B. Prescott