**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**EDWARD EUGENE YOUNG**
**Plaintiff**
**v.** **C.A. No. 07-34S**

**A.T.WALL, Individually and**
**in his capacity as the Director**
**of the Rhode Island Department**
**of Corrections**
**Defendants**

**ANSWER**

Now comes Defendant, A.T. Wall ("Wall"), individually and in his capacity as Director, State of Rhode Island, Department of Corrections ("State," "DOC," or "Defendant"), and hereby answers Plaintiff, Edward Eugene Young's ("Plaintiff" or "Young"), Complaint as follows:

**INTRODUCTION**

1. Paragraph 1 of Plaintiff's Complaint is introductory in nature and no responsive pleading is required thereto; if deemed required, Defendant denies the allegations in Paragraph 1 and leave Plaintiff to his proof thereof.

**JURISDICTION AND VENUE**

2. Paragraph 2 is jurisdictional in nature and no responsive pleading is required thereto; if deemed required, Defendant deny the allegations in Paragraph 2 and leave Plaintiff to his proof thereof. Defendant expressly denies subject matter jurisdiction pursuant to 28 U.S.C. § 1334.

3. Paragraph 3 is a statement of venue and no responsive pleading is required thereto; if deemed required, Defendant admit that venue is proper in this judicial district.

## PARTIES

4. Admitted.

5. Admitted.

## STATEMENT OF THE CLAIM

6. Admitted that Plaintiff has earned money working in prison during his incarceration.

7. R.I. Gen. Laws § 42-56-22 speaks for itself and therefore no responsive pleading to Paragraph 7 is required; if deemed required, the allegations in Paragraph 7 are admitted, generally, except as § 42-56-22(b) may permit the use of the account funds prior to release and except as DOC may allow an inmate to use the accounts funds prior to and in anticipation of release.

8. As to the first sentence, it is admitted only that the accounts may be referred to as the Inmate Accounts Fund. As to the second sentence, it is admitted only that there is an account that may be referred to as an "open account." As to the third sentence, it is admitted only that at times Plaintiff has had money available for spending; however, his spending is not completely discretionary because it is limited by State law and DOC policies and practices. Any and all remaining allegations in Paragraph 8 are denied and Plaintiff is left to his proof thereof.

9. DOC Policy No. 2.17-1 cited in Paragraph 9 speaks for itself and therefore no responsive pleading is required; if deemed required, the allegations in this Paragraph are denied and Plaintiff is left to his proof thereof.

10. DOC Policy No. 2.17-2 cited in Paragraph 10 speaks for itself and therefore no responsive pleading is required; if deemed required, the allegations in this Paragraph are denied and Plaintiff is left to his proof thereof.

11. As to the first sentence, based on the understanding that "interesting" should be read "interest," admitted only that the DOC stopped posting interest on June 19, 2002, for the period ending May 31, 2002. As to the second and third sentences, admitted generally.

12. DOC Policy No. 2.17-3 cited in Paragraph 12 speaks for itself and therefore no responsive pleading is required; if deemed required, the allegations in this Paragraph are denied and Plaintiff is left to his proof thereof.

13. Admitted.

14. Denied on the grounds that Plaintiff has no Federal or State constitutional right to interest on the accounts and no statutory right, under R.I. Gen. Laws § 42-56-22 or any other provisions of the General Laws, to interest on the accounts.

15. Denied.

16. Denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

**COUNT I**
**VIOLATION OF PROCEDURAL DUE PROCESS**

22. Defendant repeats and incorporates by reference Paragraphs 1-21 above.

23. Denied.

24. Denied.

25. Denied.

**COUNT II**
**UNCONSTITUTIONAL TAKING OF PLAINTIFF'S ACCRUED INTEREST**

26.-29. Paragraphs 26-29 of Count II are the subject of the Court's Decision and Order dated March 5, 2005 and, therefore, no responsive pleading is required; if deemed required, Defendant repeats and incorporates by reference Paragraphs 1-21 above, the allegations in Paragraphs 26-29 are denied and Plaintiff is left to his proof thereof.

**COUNT III**
**VIOLATION OF ARTICLE 1, § 16 OF THE RHODE ISLAND CONSTITUTION**

30.-32. Paragraphs 30-32 of this Count are the subject of the Court's Decision and Order dated March 5, 2005 and the order dated June 3, 2008 and, therefore, no responsive pleading is required; if deemed required, Defendant repeats and incorporates by reference Paragraphs 1-21 above, the allegations in Paragraphs 30-32 are denied and Plaintiff is left to his proof thereof.

**COUNT IV**
**VIOLATION OF ARTICLE 1, § 2 OF THE RHODE ISLAND CONSTITUTION**

33. Defendant repeats and incorporates by reference Paragraphs 1-21 above.

34. Denied.

35. Denied.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be denied and dismissed; that Judgment enter for Defendant; that Defendant be awarded his costs and fees incurred in the defense hereof; and such other and further relief as justice may require.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS AND CLAIMS SO TRIABLE.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted for declaratory and/or injunctive relief, compensatory damages and/or punitive damages as against Defendant.

### Second Affirmative Defense

Defendant has the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status.

### Third Affirmative Defense

Defendant has the benefit of all expressed and implied exceptions to any waiver of sovereign immunity.

### Fourth Affirmative Defense

Defendant claims the benefit of Eleventh Amendment immunity to the extent applicable to this civil action.

### Fifth Affirmative Defense

Defendant acted reasonably and in good faith and did not violate any clearly established law and, therefore, pleads qualified immunity from suit. In addition, Defendant Wall asserts that he is not a proper party defendant in his individual or personal capacity.

### Sixth Affirmative Defense

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed. In addition, Defendant Wall asserts that he is not a proper party defendant in his individual or personal capacity.

### Seventh Affirmative Defense

The alleged acts or omissions of Defendant were not a conscious disregard of Plaintiff's rights; were not intentional and willful; and were not in violation of Federal or State law.

### Eighth Affirmative Defense

The alleged acts or omissions of Defendant do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

**Ninth Affirmative Defense**

Defendant asserts the defense of statute of limitations.

**Tenth Affirmative Defense**

Defendant asserts any and all applicable defenses of assumption of the risk.

**Eleventh Affirmative Defense**

Defendant asserts that Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and therefore, Defendant pleads the doctrine of comparative and/or contributory negligence.

**Twelfth Affirmative Defense**

Defendant pleads res judicata and collateral estoppel.

**Thirteenth Affirmative Defense**

Defendant pleads the doctrines of laches, estoppel and waiver.

**Fourteenth Affirmative Defense**

Plaintiff is not entitled to monetary damages as against Defendants under Federal or State law.

**Fifteenth Affirmative Defense**

Plaintiff is not entitled to punitive damages as against Defendants under Federal or State law.

**Sixteenth Affirmative Defense**

Plaintiff is not entitled to attorney's fees, interest, or costs under Federal or State law.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be denied and dismissed; that Judgment enter for Defendant; that Defendant be awarded his costs and fees incurred in the defense hereof; and such other and further relief as justice may require.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS AND CLAIMS SO TRIABLE.**

Respectfully Submitted,
DEFENDANT
A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995
tpalombo@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that I have filed the within Answer via the ECF System and that a copy is now available for viewing and downloading. I have also caused a copy to be sent on this 13th day of June, 2008 to the following counsel of record:

**Andrew B. Prescott**
aprescott@nixonpeabody.com

*/s/ Thomas A. Palombo*